UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOSHUA LOUIS SAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-01989-TWP-TAB |
| | ) | |
| WEXFORD HEALTH SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

**Order Screening and Dismissing Complaint and
Allowing Opportunity to File Amended Complaint**

Plaintiff Joshua Louis Sage, an inmate at Pendleton Correctional Facility, filed this 42 U.S.C. § 1983 action alleging deliberate indifference to a serious medical need. Because Mr. Sage is a prisoner, the Court must screen his complaint before service. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

The Court must dismiss the complaint or any portion of it that it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening for failure to state a claim, the Court applies the same standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

1

## II. The Complaint

The complaint alleges that, since July 27, 2018, Wexford has "delay[ed] medical treatment for serious medical needs, interefer[ed] with medical treatment," and provided "improper care resulting in pain and suffering." Dkt. 1 at 2.

Mr. Sage seeks injunctive relief and $250,000 in damages.

## III. Discussion of Claims

To state a claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment, a prisoner must allege (1) an objectively serious medical condition and (2) facts suggesting that the defendant knew about the plaintiff's condition and the substantial risk of harm it posed but disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014).

Wexford is a private corporation that contracts with the IDOC to provide medical treatment to inmates. Because Wexford acts under color of state law by contracting to perform a government function, they are treated as a government entity for purposes of §1983 claims. *See Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). To prevail on an Eighth Amendment claim against Wexford under § 1983, Mr. Sage must allege that his injury was the result of the Wexford's unconstitutional policy or practice. *Id.* (citing *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 690-91 (1978)).

Mr. Sage has failed to allege "sufficient factual matter," which, if true, would demonstrate deliberate indifference to a serious medical need. *Iqbal*, 556 U.S. at 678. Such facts might include Mr. Sage's specific medical condition, the treatment he has received, the treatment he believes he should have received, and the individuals involved in providing his treatment. Mr. Sage has also failed to identify any Wexford policy or practice that caused his injuries.

The complaint is therefore **dismissed for failure to state a claim upon which relief can be granted**.

### IV. Opportunity to File Amended Complaint

Although Mr. Sage's complaint is dismissed, the Court will not yet enter final judgment. Instead, Mr. Sage shall have **through September 10, 2020**, to file an amended complaint. Failure to file an amended complaint by this deadline will result in dismissal of this action without further notice or opportunity to show cause.

Any amended complaint will completely replace the original complaint. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017). As such, it must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, sufficient to provide each defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what harm Mr. Sage has suffered and which persons are responsible for the harm. The first page of the amended complaint should include the words "Amended Complaint" and the proper case number, 1:20-cv-01989-TWP-TAB.

**IT IS SO ORDERED.**

Date: 7/30/2020

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JOSHUA LOUIS SAGE
269072
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064